Lorraine GARDNER, Appellant,

v.

Freddie GARDNER, Appellee.

No. 2125.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 27, 1958.

Decided March 31, 1958.

———◆———

Ethelbert B. Frey, Washington, D. C.,
with whom Ben Lindas, Washington, D. C.,
was on the brief, for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a final judgment
dismissing appellant's uncontested suit for
absolute divorce on the ground of deser-
tion. Appellant testified the parties were
married in October 1945; that in Septem-
ber 1948 they took up residence in New
York City and in December of that year
appellee left her, and that she has not seen
or heard from him since. She further
testified that in the fall of 1954 she met
appellee's sister, whose married name and
address she did not know, on the street,
inquired of his whereabouts and was in-
formed that appellee was in Macon, Geor-
gia. The record is silent as to appellant's
endeavor to ascertain any further infor-
mation concerning her husband's address,
place of employment, etc. Suit was filed in
December 1956 and thereafter publication
was had in accordance with the procedure
set forth in the Code.[1] A copy of the order
of publication was sent to appellee at Ma-
con, Georgia, no street address was given,
and the letter was returned unclaimed.

Code Section 13–111 provides:

"* * * no order or decree shall
be passed against said absent or non-
resident defendant upon proof of no-
tice by such publication unless the
complainant, plaintiff, his agent, or
solicitor, or attorney shall file in the
cause an affidavit showing that at least
twenty days before applying for such
order or decree he mailed, postpaid,
a copy of said advertisement, directed
to the party therein ordered to appear,
at his last known place of residence,
or that he has been unable to ascertain
the last place of residence of said
party after diligent effort to ascertain
the same. * * *"

1. Code 1951, §§ 13–108, 13–109, and 13–111.

The only question to determine on this appeal is whether the court was correct in dismissing the suit for failure on the part of appellant to make a diligent effort to ascertain appellee's exact address, if he did in fact reside in Macon, Georgia. There is no doubt in our minds as to the correctness of the court's action. Here, appellant, six years after her husband's alleged desertion, met her sister-in-law on the street, and upon learning that he was living in Macon, Georgia, made no effort to obtain his precise address. Two years later, she filed suit and sent a copy of the notice of publication to appellee simply addressed "Macon, Georgia." The words "diligent effort" in the Code provision mean exactly what they say, and on the basis of the record before us, we conclude that the statute was not sufficiently complied with.

Affirmed.